## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DANELL WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 12−cv−0329−MJR-SCW** |
| | ) | |
| **TREVOR M. ROWLAND,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

### A.   <u>Introduction and Procedural Overview</u>

Danell Walker (Plaintiff) brought this action under 42 U.S.C. § 1983, alleging deprivations of his constitutional rights while incarcerated at Menard Correctional Center, within the Southern District of Illinois. Plaintiff initially filed suit in the Northern District of Illinois; the case was transferred to this District in April 2012. Threshold review was conducted, and service was ordered on the named Defendant (Trevor Rowland), who answered the complaint in late October 2012.[1] The complaint alleges that Rowland assaulted Plaintiff - using excessive force against Plaintiff and thereby violating his right (secured by the Eighth Amendment to the United States Constitution) to be free of cruel and unusual punishment.

On January 8, 2013, Rowland moved for summary judgment, based on Plaintiff's failure to exhaust administrative remedies (Doc. 23). Plaintiff had until February 25, 2013 to respond. *See* **Doc. 25; SDIL-LR 7.1(c)(1), SDIL-LR 5.1(c).** No response opposing summary judgment was ever filed. The motion is ripe for disposition.

_____

[1]     A second Defendant (an unidentified "John Doe") was dismissed in April 2013 pursuant to Federal Rule of Civil Procedure 41(b). *See* **Doc. 26.**

In this judicial district, failure to timely respond to a motion may be considered an admission of the motion's merits. **SDIL-LR 7.1(c).** *See Whitfield v. Snyder,* **263 Fed.Appx. 518, 521 (7th Cir. 2008).** The Court considers Plaintiff's failure to respond to the motion—in any way— such an admission. Because there is an admission to the merits of Defendant's dispositive motion, the motion will be granted and the case dismissed without prejudice. Even if the Court were to overlook Plaintiff's failure to oppose Defendant's motion, it is clear from the record that summary judgment is warranted here, because Plaintiff did not exhaust his administrative remedies.

### B.    Applicable Legal Standards

#### 1.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. *Dynegy Mktg. & Trade v. Multiut Corp.,* **648 F.3d 506, 517 (7th Cir. 2011),** *citing* **FED. R. CIV. P. 56(a).** The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett,* **477 U.S. 317, 323 (1986).** In determining whether a genuine issue of material fact exists, the Court must view the record in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986).**

In the prisoner litigation context, a "Pavey" motion for summary judgment typically requires a hearing to determine any contested issues regarding exhaustion, and a judge may make limited findings of fact at that time. *Pavey v. Conley,* **544 F.3d 739, 742 (7th Cir. 2008).** The case may proceed on the merits only after any contested issue of exhaustion is resolved. *Id.,* **544 F.3d at 742.** In *Pavey,* the United States Court of Appeals for the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required

to be decided by a jury but are to be determined by the judge. *Pavey*, **544 F.3d at 740-41.** *See also Begolli v. Home Depot, USA, Inc.,* **701 F.3d 1158, 1160 (7ᵗʰ Cir. 2012)("*Pavey* holds that the judge can resolve contested factual issues germane to whether the prisoner ... exhausted his remedies under the Act even if the prisoner demanded a jury trial in his civil rights suit.").** A hearing is not required where "there are no disputed facts regarding exhaustion, only a legal question." *Doss v. Gilkey*, **649 F.Supp.2d 905, 912 (S.D.Ill. 2009).** Here, Plaintiff has not disputed any of Defendants' factual assertions, so no hearing is required.

### 2. PLRA'S EXHAUSTION REQUIREMENT

In his answer in the case at bar, Defendant Rowland asserted the affirmative defense of exhaustion. The affirmative defense of failure to exhaust depends on whether a plaintiff has fulfilled the Prison Litigation Reform Act's exhaustion requirement. *See Jones v. Bock*, **549 U.S. 199, 218 (2007).** The Prisoner Litigation Reform Act ("PLRA") provides that "no action shall be brought [under federal law] with respect to prison conditions ... by a prisoner...until such administrative remedies as are available are exhausted. **42 U.S.C. § 1997e(a).** Under the PLRA, exhaustion of administrative remedies is mandatory and unexhausted claims cannot be brought in court. *Jones,* **549 U.S. at 211.** The case may proceed on the merits only after any contested issue of exhaustion is resolved by the court. *Pavey*, **544 F.3d at 742.**

The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. *Kaba v. Stepp*, **458 F.3d 678, 684 (7th Cir. 2006).** The Seventh Circuit takes a strict compliance approach to exhaustion, requiring inmates follow all grievance rules established by the correctional authority. *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006).** A prisoner must "file complaints and appeals in the place, and at the time, the prison's rules require." *Pozo v. McCaughtry,* **286 F.3d 1022, 1025 (7th Cir. 2002).**

Page **3** of **7**

An inmate is required to exhaust only those administrative remedies that are available to him. **42 U.S.C. § 1997e(a).** The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington,* **300 F.3d 829, 833 (7th Cir. 2002).** However, if the prisoner fails to follow the proper procedure, the grievance will not be considered exhausted. *Pavey v. Conley,* **663 F.3d 899, 903 (7th Cir. 2011).**

Additionally, exhaustion is a condition precedent to suit in federal court, so the inmate must exhaust before he commences his federal litigation. He cannot exhaust *while* his lawsuit is pending or *in anticipation* of his remedies soon being exhausted. *See Perez v. Wisconsin Department of Corrections,* **182 F.3d 532, 535 (7th Cir. 1999);** *Dixon v. Page,* **291 F.3d 485, 488 (7th Cir. 2002);** *Ford v. Johnson,* **362 F.3d 395, 398 (7th Cir. 2004).**

If the inmate fails to exhaust before filing suit in federal court, the district court must dismiss the suit. *See Jones,* **549 U.S. at 223;** *Burrell v. Powers,* **431 F.3d 282, 284-85 (7th Cir. 2005).**[2] Exhaustion-based dismissals are made without prejudice. *Burrell,* **431 F.3d at 285,** *citing Walker v. Thompson,* **288 F.3d 1005, 1009 (7th Cir. 2002)("Dismissal for failure to exhaust is without prejudice…"),** and *Ford v. Johnson,* **362 F.3d 395, 401 (7th Cir. 2004)("*all* dismissals under § 1997e(a) should be without prejudice").**

---

[2]     Although *dismissal* is the procedural step the district court takes if a plaintiff failed to exhaust prior to filing suit, the issue of exhaustion most often is raised via summary judgment motion, allowing the Court can consider evidence "outside the pleadings," such as affidavits, grievances, responses, appeals, and related documentation. *See* **FED. R. CIV. P. 12(d).**

### 3.   EXHAUSTION REQUIREMENT UNDER ILLINOIS LAW

The Illinois Department of Corrections (IDOC)'s process for exhausting administrative remedies is delineated in the IDOC's Grievance Procedures for Offenders. **20 Ill. Admin. Code § 504.810.** If unable to resolve dispute with the counselor, the prisoner may file a written grievance with the Grievance Officer within 60 days of discovery of the dispute. *Id.* The grievance should include "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint…[or] as much descriptive information about the individual as possible." *Id.* The grievance officer shall review the grievance and report findings and recommendations to the Chief Administrative Officer (CAO). **20 Ill. Adm. Code § 504.830(d)**. The prisoner will then have the opportunity to review the CAO's response. *Id.* If the prisoner is unsatisfied with the institution's resolution of the grievance, he may file an appeal to the Director through the Administrative Review Board (ARB) within 30 days of the CAO's decision. **20 Ill. Adm. Code § 504.850**. Completion of this process exhausts a prisoner's administrative remedies.

In certain circumstances, a prisoner may exhaust his remedies by filing a grievance directly with the ARB. **20 Ill. Adm. Code § 504.870**. Those circumstances include grievances addressing (a) placement in protective custody; (b) involuntary administration of psychotropic medication; (c) decisions regarding disciplinary proceedings that took place at an institution other than where the inmate currently resides; and (d) all other issues, with the exception of personal property issues, that occurred at a previous institution. *Id.*

### C.   Analysis

In the case at bar, Plaintiff did not attach any grievances to his initial complaint. Indeed, at no time in this litigation has he submitted any grievances or other exhibits.

In support of his summary judgment motion, Defendant Rowland submitted a copy of a grievance dated January 14, 2011 describing the cell extraction incident at issue here (Doc. 24-1, p. 7). This grievance was submitted directly to the ARB and received on February 28, 2011 (Doc. 24-1, p. 6). The ARB rejected the grievance for failure to include the grievance officer's and CAO's response (Doc. 24-1, p. 6). Plaintiff received the grievance back on April 8, 2011, and he was told that it was no longer timely (Doc. 24-1, p. 9). There is no evidence that Plaintiff ever appealed the April 8, 2011 determination.

The Court concludes that Plaintiff failed to exhaust his administrative remedies. While IDOC regulations permit a prisoner to file grievances directly with ARB, this avenue is only available in limited circumstances. None of those circumstances is applicable to Plaintiff's case. Plaintiff was grieving Defendant's alleged use of excessive force at his current institution. He was not grieving a decision to place him in protective custody or administer psychotropic medication. Nor was he attempting to grieve the outcome of a disciplinary proceeding or events that happened at a different institution. Therefore Plaintiff's grievance filed with the ARB did not exhaust his administrative remedies. Additionally, Plaintiff had to file a grievance with his counselor on or before March 15, 2011. There is no evidence in the record that Plaintiff did so. Defendant is entitled to summary judgment on this point.

### D.  Conclusion

Plaintiff's failure to respond to Defendant's dispositive motion acts as an admission to the merits of the motion. Even if the Court overlooks Plaintiff's lack of response, the record clearly establishes that Plaintiff failed to exhaust administrative remedies before filing this lawsuit. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. 23) and **DISMISSES** this case **without prejudice.** No claims remain herein. The Clerk shall close the case.

IT IS SO ORDERED.

DATED August 13, 2013.

s/ *Michael J. Reagan*

Michael J. Reagan
United States District Judge